# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: <u>1:24–mj–00293–SJB</u>–1

Case title: USA v. Jeon

Date Filed: 04/17/2024

Date Terminated: 04/17/2024

---

Assigned to: Magistrate Judge Sanket J. Bulsara

**Defendant (1)**

| | | |
|---|---|---|
| **Dabin Jeon**<br>*TERMINATED: 04/17/2024* | represented by | **Benjamin Zev Yaster**<br>Federal Defenders of New York, Inc.<br>One Pierrepont Plaza, 16th Floor<br>Brooklyn, NY 11201<br>718–330–1291<br>Fax: 718–855–0760<br>Email: benjamin_yaster@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |

**Pending Counts**                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                              **Disposition**

None

---

**Plaintiff**

**USA**                                     represented by

**Michael Joseph Castiglione**
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
718–254–7533
Fax: 718–254–7508
Email: michael.castiglione@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/17/2024 | 1 | RULE 40 AFFIDAVIT/ removal complaint to the District of Maine by USA as to Dabin Jeon. Signed by Judge Sanket Bulsara dtd 4/17/2024. (SMY) (Entered: 04/17/2024) |
| 04/17/2024 | | Minute Entry for proceedings held before Magistrate Judge Sanket J. Bulsara:Initial Appearance in Rule 5(c)(3) Proceedings as to Dabin Jeon held on 4/17/2024, Attorney Appointment of federal defender Ben Yaster for the defendant. AUSA Michael Castiglione present. (FTR Log #2;59–3;36.) Defendant arraigned on a removal complaint to the District of Maine. Defendant waived identity hearing. Gov't opposed bail. Court released defendant on a $75,000 bond with conditions. Defendant and 2 suretors, with the assistance of a Korean interpreter, given bail warnings and signed bond. Rule 5f order read into the record. (SMY) (Entered: 04/17/2024) |
| 04/17/2024 | 2 | ORDER Setting Conditions of Release as to Dabin Jeon (1) $75,000 bond with conditions. Ordered by Magistrate Judge Sanket J. Bulsara on 4/17/2024. (SMY) (Entered: 04/18/2024) |
| 04/17/2024 | 3 | REDACTED $75,000 bond as to Dabin Jeon to 2 1 – Order Setting Conditions of Release (SMY) (Entered: 04/18/2024) |
| 04/17/2024 | 4 | WAIVER of Rule 5(c)(3) Hearing by Dabin Jeon (SMY) (Entered: 04/18/2024) |
| 04/17/2024 | 5 | CJA 23 Financial Affidavit by Dabin Jeon (SMY) (Entered: 04/18/2024) |

NEM:MJC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

DABIN JEON,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

**REMOVAL TO THE
DISTRICT OF MAINE**

(Fed. R. Crim. P. 5)

Case No.  24-MJ-293

EASTERN DISTRICT OF NEW YORK, SS:

      Jose Rodriguez-Aguilar, being duly sworn, deposes and states that he is a Special

Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting

as such.

      On or about March 7, 2024, the United States District Court for the District of Maine

issued a warrant for the arrest of the defendant DABIN JEON for violating Title 18, United States

Code, Sections 2261A(2)(B) (cyberstalking) and 875(c) (interstate communications).

      The source of your deponent's information and the grounds for his belief are as

follows:[1]

      1.      On or about March 7, 2024, a federal grand jury in the District of Maine

returned a two-count indictment (the "Indictment") charging the defendant DABIN JEON with

violating Title 18, United States Code, Sections 2261A(2)(B) (cyberstalking) and 875(c) (interstate

communications).  A true and correct copy of the Indictment is attached as Exhibit 1.

---

     [1]      Because the purpose of this Complaint is to set forth only those facts necessary to
establish probable cause to arrest, I have not described all the relevant facts and circumstances of
which I am aware.

2.      On or about, March 7, 2024, the United States District Court for the District of Maine issued a warrant (the "Warrant") for the arrest of the defendant DABIN JEON.  A true and correct copy of the Warrant is attached as Exhibit 2.

3.      On or about April 17, 2024, law enforcement agents arrested the defendant DABIN JEON at his residence in Queens, New York, pursuant to the Warrant.

4.      Following his arrest, the defendant DABIN JEON confirmed his name and date of birth to law enforcement agents, which matched the name and date of birth of the DABIN JEON wanted in the District of Maine.  Law enforcement agents also compared the physical appearance of the defendant DABIN JEON to a photograph of DABIN JEON obtained during the investigation of the DABIN JEON wanted in the District of Maine and he appeared consistent with the person depicted in this photograph.   Finally, the same law enforcement agents who conducted the arrest also previously interviewed the defendant DABIN JEON wanted in the District of Maine and the person arrested appeared to be the same person.

5. Based on the foregoing, I submit that there is probable cause to believe that the defendant is the DABIN JEON wanted in the District of Maine.

WHEREFORE, your deponent respectfully requests that the defendant DABIN JEON be removed to the District of Maine so that he may be dealt with according to law.

*S/ Jose Rodriguez Aguilar*

_____

Jose Rodriguez-Aguilar
Special Agent
Federal Bureau of Investigation

Sworn to before me this
17th day of April, 2024

*S/ Sanket Bulsara*

_____

THE HONORABLE SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT 1

SECRET

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

RECEIVED & FILED

**UNITED STATES OF AMERICA**

**v.**

**DABIN JEON**

2024 MAR -7 P 4: 30

Case No.: 1:24-cr-00026-LEW

DEPUTY CLERK

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Cyberstalking)

From about October 2021, the exact date being unknown, until about December 2022, in the District of Maine and elsewhere, the defendant,

**DABIN JEON**

with the intent to injure, harass, and intimidate another person, namely, V-1, used facilities of interstate and foreign commerce, including electronic communication systems and services, to engage in a course of conduct, specifically, the sending of text messages, digital images and videos, and other electronic communications to V-1, that caused, attempted to cause, or would be reasonably expected to cause, substantial emotional distress to V-1 and immediate family members.

All in violation of Title 18, United States Code, Sections 2261A(2)(B).

## COUNT TWO
(Interstate Communications)

On about November 24, 2022, in the District of Maine and elsewhere, the defendant,

### DABIN JEON

knowingly, willfully, and recklessly transmitted in interstate commerce a communication containing a threat to injure another. Specifically, the defendant made a telephone call from the state of New York to the state of Maine in which he made threats to harm the friends and family of V-1.

All in violation of Title 18, United States Code, Section 875(c).

Date: 3/7/24

_____
Assistant U.S. Attorney

A True Bill,

Signature Redacted – Original on file with the Clerk's Office

_____
Grand Jury Foreperson

# EXHIBIT 2

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Maine

*(stamp)* DISTRICT COURT
BANGOR
RECEIVED & FILED

2024 MAR -7 P 5: 44

DEPUTY CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 1:24-cr-00026-LEW |
| DABIN JEON | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant*

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   DABIN JEON                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Count 1-Cyberstalking; 18:2261A(2)(B)
Count 2-Interstate Communications; 18:875(c)

A TRUE COPY
ATTEST: Christa K. Berry, Clerk
BY: *(signature)* Deputy Clerk

Date:     03/07/2024

_____
*Issuing officer's signature*

City and state:     Bangor, Maine

Margaret Melanson, Deputy Clerk
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ |
| _____ *Arresting officer's signature* |
| _____ *Printed name and title* |

```
MIME-Version:1.0
From:ecf_bounces@nyed.uscourts.gov
To:nobody@nyed.uscourts.gov
Bcc:
--Case Participants:
--Non Case Participants:
--No Notice Sent:

Message-Id:18874190@nyed.uscourts.gov
Subject:Activity in Case 1:24-mj-00293-SJB USA v. Jeon Initial Appearance - Rule 5(c)(3)
Content-Type: text/html
```

**U.S. District Court**

**Eastern District of New York**

**Notice of Electronic Filing**


The following transaction was entered on 4/17/2024 at 3:50 PM EDT and filed on 4/17/2024

| | |
|---|---|
| **Case Name:** | USA v. Jeon |
| **Case Number:** | 1:24-mj-00293-SJB |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Minute Entry for proceedings held before Magistrate Judge Sanket J. Bulsara:Initial Appearance in Rule 5(c)(3) Proceedings as to Dabin Jeon held on 4/17/2024, Attorney Appointment of federal defender Ben Yaster for the defendant. AUSA Michael Castiglione present. (FTR Log #2;59-3;36.) Defendant arraigned on a removal complaint to the District of Maine. Defendant waived identity hearing. Gov't opposed bail. Court released defendant on a $75,000 bond with conditions. Defendant and 2 suretors, with the assistance of a Korean interpreter, given bail warnings and signed bond. Rule 5f order read into the record. (SMY)**


**1:24-mj-00293-SJB-1 Notice has been electronically mailed to:**

**1:24-mj-00293-SJB-1 Notice will not be electronically mailed to:**

Benjamin Zev Yaster
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

Michael Joseph Castiglione
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

## UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

**United States of America**                          Case No. 24 MJ 293

**v.** _____DABIN JEON_____ , *Defendant*

### ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND

#### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Conditions of Release below and:
( ☐ )   On **Personal Recognizance** on the defendant's promise to appear at all scheduled proceedings as required, or
( ☑ )   Upon **Bond** executed by the defendant in the amount of $ 75,000 , which shall be
   ☐ unsecured; ☑ cosigned by the financially responsible sureties identified on this bond;
   ☐ secured by Collateral set forth on the Appearance Bond Supplement.

#### CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to the following conditions, which the Court finds are the least restrictive conditions necessary to reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)   The defendant must appear in court as required and surrender as directed for service of any sentence imposed.
(2)   The defendant must not commit a federal, state or local crime while on release.
(3)   The defendant must cooperate in the collection of DNA sample if it is authorized by 34 U.S.C. § 40702.
(4)   The defendant must advise the Court in writing before making any change in residence or telephone number.
(5)   The defendant must not possess a firearm, destructive device or other dangerous weapon.
(6)   The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Marijuana is still prohibited under federal law.
(7)   As marked below, the defendant must also:
   ( ☑ ) (a)   submit to pretrial supervision and report to Pretrial Services as directed. The defendant is subject to random home contacts and verification of employment as deemed appropriate to monitor compliance with the conditions of release. The defendant shall notify Pretrial Services as soon as possible of any arrests.
   ( ☐ ) (b)   ☐ continue or actively seek employment. ☐ continue or start an education and/or vocational program.
   ( ☑ ) (c)   surrender any passport to Pretrial Services by _____ and not obtain a passport or any international travel document.
   ( ☑ ) (d)   not leave the following areas except for travel to and from court: ☑ New York City; ☑ Long Island; ☐ New York State; ☐ New Jersey; ☐ Continental United States; ☐ as approved by Pretrial Services; ☑ other: District of Maine for Court purposes .
   ( ☑ ) (e)   not have any contact with the following individual(s), location or entity: co-conspirators, victims, witnesses except presence of cnsl .
   ( ☑ ) (f)   maintain residence at: _____ or at a location approved by Pretrial Services.
   ( ☐ ) (g)   undergo testing, evaluation and/or treatment for substance abuse as directed by Pretrial Services.
   ( ☐ ) (h)   undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
   ( ☑ ) (i)   be subject to the following component of location monitoring, with technology as determined by Pretrial Services:
      ( ☑ ) (i)   **Curfew** – restricted to residence ☐ daily from _____ to _____ ; or ☑ as directed by Pretrial Services. **NO CURFEW RESTRICTION**
      ( ☐ ) (ii)   **Home Detention** – restricted to residence at all times, except for court appearances, court-ordered obligations, attorney visits, religious services, medical appointments, employment, education, substance abuse/mental health services and other activities approved in advance by Pretrial Services. Additionally, the Court permits: _____
      ( ☐ ) (iii)   **Home Incarceration** – 24-hour lock-down at residence, except for medical necessities, court appearances, and any other activities ordered by the Court.
      ( ☒ ) (iv)   **Stand Alone Monitoring** – no residential restrictions; this condition will be used in conjunction with global positioning system (GPS) technology.
   ( ☐ ) (j)   pay all or part of cost of location monitoring, based on ability to pay as determined by Pretrial Services.
   ( ☒ ) (k)   ~~Report as soon as possible, to the Pretrial Services Officer, any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning or traffic stop - and abide by all conditions required by Pretrial Services Officer~~ Abide by Orders of Protection

USCA2 12

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs the bond, acknowledge that I have read this Order Setting Conditions of Release and Appearance Bond and have either read all the other conditions of release or have had those conditions explained to me. (If the bond is secured by collateral, complete Appearance Bond Supplement.)

| X _Kyung Oh_ (mother) | , Surety | 105-38 Union Turnpike, Flushing, NY 11367 _Address_ | _Date_ |
| --- | --- | --- | --- |
| X | , Surety | _Address_ | _Date_ |
| Kyon Jeon (father) | , Surety | _Address_ | _Date_ |

### RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied, and the collateral will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### FORFEITURE OF THE BOND

If the defendant does not comply with the conditions set forth in this Order Setting Conditions of Release and Appearance Bond, this appearance bond may be forfeited and the Court may immediately order the amount of the bond and any collateral to be surrendered to the United States. At the request of the United States, the Court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

### ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT – YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

- Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
- While on release, if you commit a federal felony offense, the punishment is an additional prison term of not more than ten years, and for a federal misdemeanor offense, the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, must follow) any other sentence you receive.
- It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the Court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
- If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or more than $250,000 or imprisoned for not more than five years, or both;
    (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
    (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.
- A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### ACKNOWLEDGMENT OF THE DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

X _____
*Defendant's Signature*

**Release of the Defendant is hereby ordered on**   4/17/2024  .   _____ , US  M  J
                                                                              *Date*                    *Judicial Officer's Signature*

## UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

**United States of America**

Case No. 24 MJ 293

**v.** _____DABIN JEON_____ , *Defendant*

### ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Conditions of Release below and:

( ☐ ) On **Personal Recognizance** on the defendant's promise to appear at all scheduled proceedings as required, or

( ☑ ) Upon **Bond** executed by the defendant in the amount of $ 75,000 , which shall be

☐ unsecured; ☑ cosigned by the financially responsible sureties identified on this bond;

☐ secured by Collateral set forth on the Appearance Bond Supplement.

### CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to the following conditions, which the Court finds are the least restrictive conditions necessary to reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) The defendant must appear in court as required and surrender as directed for service of any sentence imposed.

(2) The defendant must not commit a federal, state or local crime while on release.

(3) The defendant must cooperate in the collection of DNA sample if it is authorized by 34 U.S.C. § 40702.

(4) The defendant must advise the Court in writing before making any change in residence or telephone number.

(5) The defendant must not possess a firearm, destructive device or other dangerous weapon.

(6) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Marijuana is still prohibited under federal law.

(7) As marked below, the defendant must also:

( ☑ ) (a) submit to pretrial supervision and report to Pretrial Services as directed. The defendant is subject to random home contacts and verification of employment as deemed appropriate to monitor compliance with the conditions of release. The defendant shall notify Pretrial Services as soon as possible of any arrests.

( ☐ ) (b) ☐ continue or actively seek employment. ☐ continue or start an education and/or vocational program.

( ☑ ) (c) surrender any passport to Pretrial Services by _____ and not obtain a passport or any international travel document.

( ☑ ) (d) not leave the following areas except for travel to and from court: ☑ New York City; ☑ Long Island; ☐ New York State; ☐ New Jersey; ☐ Continental United States; ☐ as approved by Pretrial Services; ☑ other: District of Maine for Court purposes .

( ☑ ) (e) not have any contact with the following individual(s), location or entity: co-conspirators, victims, witnesses except presence of cnsl .

( ☑ ) (f) maintain residence at: _____ or at a location approved by Pretrial Services.

( ☐ ) (g) undergo testing, evaluation and/or treatment for substance abuse as directed by Pretrial Services.

( ☐ ) (h) undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.

( ☑ ) (i) be subject to the following component of location monitoring, with technology as determined by Pretrial Services:

( ☑ ) (i) **Curfew** – restricted to residence ☐ daily from _____ to _____ ; or ☑ as directed by Pretrial Services. **NO CURFEW RESTRICTION**

( ☐ ) (ii) **Home Detention** – restricted to residence at all times, except for court appearances, court-ordered obligations, attorney visits, religious services, medical appointments, employment, education, substance abuse/mental health services and other activities approved in advance by Pretrial Services. Additionally, the Court permits: _____

( ☐ ) (iii) **Home Incarceration** – 24-hour lock-down at residence, except for medical necessities, court appearances, and any other activities ordered by the Court.

( ☒ ) (iv) **Stand Alone Monitoring** – no residential restrictions; this condition will be used in conjunction with global positioning system (GPS) technology.

( ☐ ) (j) pay all or part of cost of location monitoring, based on ability to pay as determined by Pretrial Services.

( ☒ ) (k) ~~Report as soon as possible~~ Abide by Orders of Protection

USCA2 14

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs the bond, acknowledge that I have read this Order Setting Conditions of Release and Appearance Bond and have either read all the other conditions of release or have had those conditions explained to me. (If the bond is secured by collateral, complete Appearance Bond Supplement.)

| X | 17 | | |
|---|---|---|---|
| Kyung Oh (mother) , *Surety* | | *Address* | *Date* |
| X , *Surety* | | *Address* | *Date* |
| Kyon Jeon (father) , *Surety* | | *Address* | *Date* |

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied, and the collateral will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## FORFEITURE OF THE BOND

If the defendant does not comply with the conditions set forth in this Order Setting Conditions of Release and Appearance Bond, this appearance bond may be forfeited and the Court may immediately order the amount of the bond and any collateral to be surrendered to the United States. At the request of the United States, the Court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT – YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

- Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
- While on release, if you commit a federal felony offense, the punishment is an additional prison term of not more than ten years, and for a federal misdemeanor offense, the punishment is an additional prison term of not more than one year. This sentence will be consecutive to (*i.e.*, must follow) any other sentence you receive.
- It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the Court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
- If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or more than $250,000 or imprisoned for not more than five years, or both;
    (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
    (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.
- A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF THE DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

X _____
*Defendant's Signature*

**Release of the Defendant is hereby ordered on** __4/17/2024__ . _____ , US _M_ J
*Date*          *Judicial Officer's Signature*

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   24 MJ 293 |
| DABIN JEON | ) | |
| | ) | Charging District's Case No. |
| *Defendant* | ) | |

### WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

District of Maine

I understand that I have been charged in another district, the *(name of other court)* _____

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☐     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:     4/17/2024

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Benjamin Yaster
_____
*Printed name of defendant's attorney*

CJA-23
(Rev 3/21)

# FINANCIAL AFFIDAVIT
### IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE

**IN THE UNITED STATES** ☐ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify Below)*

IN THE CASE OF

United States v. Jean

FOR

AT

LOCATION NUMBER

PERSON REPRESENTED *(Show your full name)*

Dobin Jean

| | |
|---|---|
| 1 ☐ Defendant - Adult | DOCKET NUMBERS |
| 2 ☐ Defendant - Juvenile | Magistrate Judge |
| 3 ☐ Appellant | |
| 4 ☐ Probation Violator | District Court |
| 5 ☐ Supervised Release Violator | |
| 6 ☐ Habeas Petitioner | Court of Appeals |
| 7 ☐ 2255 Petitioner | |
| 8 ☐ Material Witness | |
| 9 ☐ Other *(Specify)* | |

CHARGE/OFFENSE *(Describe if applicable & check box→)* ☑ Felony ☐ Misdemeanor

| ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY | |
|---|---|

| INCOME & ASSETS | EMPLOYMENT | Do you have a job? ☑ Yes ☐ No<br>IF YES, how much do you earn per month? $ 3,000<br>Will you still have a job after this arrest? ☐ Yes ☐ No ☐ Unknown |
|---|---|---|
| | PROPERTY | Do you own any of the following, and if so, what is it worth?<br><br>APPROXIMATE VALUE / DESCRIPTION & AMOUNT OWED<br>Home $ 900,000 — CO-OP Owned by A co mother<br>Car/Truck/Vehicle $ —<br>Boat $ —<br>Stocks/bonds $ —<br>Other property $ — |
| | CASH & BANK ACCOUNTS | Do you have any cash, or money in savings or checking accounts? ☑ Yes ☐ No<br><br>IF YES, give the total approximate amount after monthly expenses $ 100 Checkings |

| OBLIGATIONS, EXPENSES, & DEBTS | How many people do you financially support? _____ | | |
|---|---|---|---|
| | BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
| | Housing | $ | $ |
| | Groceries | $ | $ |
| | Medical expenses | $ | $ |
| | Utilities | $ | $ |
| | Credit cards | $ 1,000 | $ 29,000 |
| | Car/Truck/Vehicle | $ | $ |
| | Childcare | $ | $ |
| | Child support | $ | $ |
| | Insurance | $ | $ |
| | Loans | $ | $ |
| | Fines | $ | $ |
| | Other | $ 200 · C100 | $ |

I certify under penalty of perjury that the foregoing is true and correct.

_____
SIGNATURE OF DEFENDANT
(OR PERSON SEEKING REPRESENTATION)

04/17/2024
Date

SB
4/17/24